IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**CALVIN L. MARSHALL**                                                                                       **PLAINTIFF**
**ADC #090207**

v.                              Case No. 2:22-cv-00135-LPR-BBM

**KELLY MCCAIN,**
**Nurse Practitioner, EARU,** *et al.*                                                                    **DEFENDANTS**

## ORDER

On November 8, 2024, United States Magistrate Judge Benecia B. Moore issued a Partial Recommended Disposition (PRD) recommending that "[Plaintiff's] claims against 'Golatt,' Dunn, Williams, Turner, and the Doe Defendants" be dismissed for lack of service based on Plaintiff's repeated failure to provide sufficient identifying information.[1] Plaintiff objected to the PRD. Primarily, he asserted that he had provided all the identifying information in his possession and that his related discovery attempts had been stymied by the other (properly-served) Defendants and by the Court.[2] In addition to considering the PRD and the Objections, the Court has reviewed the entire case docket.

The PRD correctly recounts the procedural history behind the failure of service. At the outset of the litigation, the Court contacted Wellpath, LLC—the presumed employer of the unidentified Defendants—but Wellpath said it was "unable to identify those Defendants based on the limited information provided."[3] So, on November 20, 2023, the Court (1) advised Plaintiff that he could conduct discovery to identify those Defendants, and (2) directed Plaintiff to file a

---

[1] PRD (Doc. 48) at 5.

[2] Objections (Doc. 50).

[3] November 20, 2023 Order (Doc. 24) at 1.

Motion for Service containing the identifying information by January 22, 2024.[4]  Shortly thereafter, Plaintiff (improperly) filed discovery requests with the Court and (properly) mailed them to counsel for the served Defendants.[5]  Those Defendants then moved the Court to stay all discovery—including Plaintiff's already-pending requests.[6]  On December 15, 2023, Judge Moore granted the motion in part, staying all discovery unrelated to exhaustion or to the identity of the unserved Defendants.[7]  That Order reads, in relevant part:

1. The Motion to Stay Discovery (Doc. 27) is GRANTED, in part.
2. All discovery not related to the issue of exhaustion or the identity of the unserved Defendants is stayed until further order of the Court.
3. Defendants are relieved from responding to all outstanding discovery requests. Once the stay of discovery is lifted, [Plaintiff] may re-serve those discovery requests *by sending them directly to Defendants' counsel*.  [Plaintiff] is reminded that discovery requests should *not* be filed with the Court.[8]

Judge Moore's December 2023 Order specifically relieved the served Defendants from responding to all outstanding discovery requests.  This would include then-outstanding discovery requests related to the issue of exhaustion or the identity of the unserved Defendants.  It appears the intent of the Order was to make Plaintiff narrow his discovery requests (to more precisely get at the exhaustion or identification issues) and re-serve them on Defendants.  But Plaintiff obviously did not understand the Order in this way.  Indeed, it is clear from Plaintiff's Motion for Service

---

[4] *Id*. at 2.

[5] Pl.'s First Request for Admissions (Doc. 25); Pl.'s Request for Production of Documents (Doc. 26).  The Defendants told the Court that these discovery requests were never properly served, but they do acknowledge receiving a Second Request for Admissions on December 11, 2023 that was not filed on the Court's docket.  Defs.' Mot. to Stay Discovery (Doc. 27) at 2.  As for the Request for Production of Documents, Plaintiff told the Court that he mailed this to counsel for the Defendants on November 29, 2023, and that he mailed a copy to the Court the same day.  *See* Pl.'s Mot. for Service (Doc. 33); *see also* Certificate of Service to Pl.'s Request for Production of Documents (Doc. 26) at 2.  The Court received (or, at least, filed) its copy on December 11, 2023.  *See* Doc. 26.  (Defendants were of course made aware of the Request for Production of Documents through the Court's electronic notice system on that same date.) In these circumstances, the Court concludes that Plaintiff did properly serve the discovery requests at issue.

[6] Defs.' Mot. to Stay Discovery (Doc. 27).

[7] December 15, 2023 Order (Doc. 28).

[8] *Id*. (emphases in original).

that Plaintiff believed his requests—those concerning exhaustion and identity—were still live yet had gone unanswered:

> Plaintiff's [November 29, 2023] Request for Production of Documents is directly related to the identity of the unserved Defendants and the issue of exhaustion: Discovery of those documents would provide Plaintiff with the full names or, at very least, the first-name initials of the unserved Defendants, potentially the identity of certain "Doe" Defendants, and could also aid in the preparation of a response to the Co-Defendants motion for summary judgment regarding the issue of exhaustion of administrative remedies related to the Co-Defendants.  However, as of the date of this Motion (1/20/2024) the Co-Defendants OR their attorneys have failed and refused to respond to Plaintiff's Request for Production of Documents in compliance with the Federal Rules of Civil Procedure and the Order of the Court. For that reason, Plaintiff is unable to provide the Court with the required additional identifying information in order that he may pursue his claims against Co-Defendants Gollett, Dunn, Williams, and Turner. . . . Plaintiff hereby seeks assistance from the Court due to the Co-Defendants lack of response to his discovery request.[9]

Plaintiff also asked the Court why it had not requested identifying information from the East Arkansas Regional Unit or the Arkansas Department of Correction, rather than (or in addition to) Wellpath—an entity not named in his complaint.[10]

Judge Moore construed Plaintiff's request as a motion to compel discovery, which she denied:

> On December 15, 2023, the Court stayed discovery in this matter—except for discovery related to the unserved Defendants and exhaustion.  In doing so, the Court relieved Defendants from responding to all outstanding discovery requests, which encompassed [Plaintiff's] requests of November 29, 2023.

---

[9] Pl.'s Mot. for Service (Doc. 33) at 4–5.

[10] *Id*. at 2 ("Importantly, 'Wellpath, LLC' is not mentioned anywhere in the Complaint . . . however, the Court did not consider reaching out to the East Arkansas Regional Unit/Arkansas Department of Correction, which could have provided the Court with the required additional identifying information.(?)").  In an unpublished 2014 case, the Eighth Circuit was confronted with a similar situation, wherein a *pro se* IFP prisoner plaintiff who was tasked with tracking down a former jail employee "requested appointment of counsel, or an investigator, for assistance" and "also pointed out that the Jail should have information that would help in locating her . . . ."  *Beyer v. Pulaski Cnty. Jail*, 589 F. App'x 798, 798–99 (8th Cir. 2014) (unpublished).  The court found good cause to extend the time for service "[b]ecause [the plaintiff] contended that the Jail might have information that could lead to the discovery of [the officer's] whereabouts, [so] the court should have ordered the Marshal to obtain whatever information the Jail might have."  *Id*. at 799.

> [Plaintiff] has not alleged or shown any proof that he attempted to: (1) narrow his discovery requests to issues solely related to the identity of the unserved Defendants and exhaustion; and (2) re-served those discovery requests on Defendants.
>
> IT IS THEREFORE ORDERED THAT:
> 1. [Plaintiff's] Motion to Compel is DENIED.
> 2. [Plaintiff's] time to file a motion for service containing the information necessary to properly identify and serve Gollatt, Dunn, Williams, Turner, and the Doe Defendants is extended to May 10, 2024.[11]

That deadline came and went without a motion, and on October 4, 2024, Judge Moore entered a recommendation that the unserved Defendants be dismissed for lack of service.[12] Plaintiff objected, again referencing his November 29, 2023 discovery requests that had gone unanswered.[13]

Shortly thereafter, while reviewing summary-judgment documents filed by separate Defendants, Judge Moore came across the full, correct name of one of the unidentified, unserved Defendants.[14] Rather than ordering service, however, Judge Moore reasoned that Plaintiff could have discovered this information through due diligence and the discovery process.[15] Given Judge Moore's warnings, Plaintiff's "lack of action," and the extended length of time (over two years) since the Complaint had been filed, Judge Moore found that the appropriate time for service has now passed and that no good cause exists to extend the time for service.[16]

Judge Moore's recommendation is perfectly justified and proper—and adopting it would be a reasonable course of action. Yet, given Plaintiff's *pro se* prisoner status, the Court is troubled by some ambiguities in the previously-issued service Orders. First, although it may have been

---

[11] March 11, 2024 Order (Doc. 34).

[12] Partial Recommended Disposition (Doc. 45). That recommendation was later withdrawn and replaced by the PRD at issue in this Order. *See* November 8, 2024 Text Order (Doc. 47); PRD (Doc. 48).

[13] Pl.'s Objections (Doc. 46).

[14] PRD (Doc. 48) at 3–4.

[15] *Id.* at 4.

[16] *Id.*

4

implied, the Order staying discovery did not explicitly state that Plaintiff was required to "narrow and re-serve" his discovery requests in order to get a response on the exhaustion and identity issues. Plaintiff plausibly believed that his Request for Production of Documents was already narrowly tailored to issues of exhaustion and the identification of Defendants.[17]  And a review of Plaintiff's Request for Production of Documents shows that the requests *were* targeted toward identifying the unserved Defendants.[18]  From Plaintiff's perspective, it would not make sense for those requests to have been rendered null and void by an Order that *expressly permitted* discovery requests like those he had already submitted.

Second, although (again) it may have been implied, the Order denying Plaintiff's motion to compel did not explicitly state that Plaintiff could continue to serve (or re-serve) discovery requests until May 10, 2024.  An attorney would probably understand that (1) the discovery window had been extended, and (2) Plaintiff should serve *new* discovery requests—even if they were identical to the requests he had submitted on November 29, 2023—and then file a Motion for Service with the information he had gleaned.  But, on a less sophisticated read of the docket, a *pro se* plaintiff could plausibly believe that the Court's Order had denied his motion to compel without recourse for any further discovery.

Plaintiff does not acknowledge or explain his failure to file a second Motion for Service. And, without explanation, this arguable lack of due diligence is probably enough to justify

---

[17] Plaintiff does not (and could not plausibly) argue that his First Request for Admissions (Doc. 25) was tailored to exhaustion or identity issues.  But that's unsurprising, because Plaintiff dated and mailed those discovery requests before Judge Moore entered the November 20, 2023 Order allowing Plaintiff to conduct discovery to identify the unserved Defendants.  *See* November 20, 2023 Order (Doc. 24); Pl.'s First Request for Admissions (Doc. 25) (dated Nov. 17, 2023).  By contrast, Plaintiff's Request for Production of Documents—which is dated November 29, 2023—appears to have been created in response to Judge Moore's Order.  *See* Doc. 26.  The Court has not seen Plaintiff's Second Request for Admissions referenced in the served Defendants' Motion to Stay Discovery, so that document does not factor into the Court's analysis.  *See* Doc. 27 at 2.

[18] Pl.'s Request for Production of Documents (Doc. 26).

5

dismissal of the unserved Defendants. But that disposition strikes the Court as unsatisfactory for several reasons, not least of which is the harsh result of dismissing claims that were sufficient to survive PLRA screening, but which are now likely time-barred.[19] As the Eighth Circuit has cautioned, "[d]ismissal is proper only when it appears that the true identity of the defendant cannot be learned through discovery or the court's intervention."[20] And Plaintiff provided more than enough information in his Complaint to enable the served Defendants (or non-party Wellpath) to identify the unserved Defendants, including their last names, their job titles, summaries of their respective administrative duties, the location of their work duty stations, and descriptions of their conduct on specific dates during the discrete time period at issue in the Complaint.[21] Here, it seems the only thing preventing the identification of the unserved Defendants was Plaintiff's failure—by misunderstanding or otherwise—to serve his discovery requests a second time.

Indeed, when the Court finally intervened on December 10, 2024, and directed the served Defendants to provide information regarding the unserved Defendants, they were immediately able to identify LPN Turner, LPN Dunn, and LPN Golett and provide contact information for service.[22] None of the served Defendants (or the non-parties they consulted) could glean identifying

---

[19] Plaintiff's § 1983 claims are governed by Arkansas's three-year statute of limitations for personal injury claims. *See Baker v. Chisom*, 501 F.3d 920, 922 (8th Cir. 2007). Arkansas law allows for the statute of limitations to be tolled for one year after a claim is "nonsuited." Ark. Code Ann. § 16-56-126. The one-year savings statute does not apply, however, when a plaintiff fails to timely complete service. *Green v. Wiggins*, 304 Ark. 484, 486–89, 803 S.W.2d 536, 537–39 (1991). Plaintiff's claims against the unserved Defendants appear to have accrued in 2020, now well over three years ago.

[20] *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985); *see also id*. ("Rather than dismissing the claim, the court should have ordered disclosure of Officer Doe's identity by other defendants named and served or permitted the plaintiff to identify the officer through discovery.").

[21] *See, e.g.*, Compl. (Doc. 2) at 3, 25, 28, 59, 62, 66, 69.

[22] Docs. 52 & 53. Interestingly, the ADC Defendants state: "None of the ADC Defendants or the ADC itself had any such information in their personal possession, but the ADC during the course of its search communicated with outside parties *including Wellpath* in order to determine if such information was reasonably available." ADC Defs.' Notice (Doc. 53) at 2 (emphasis added). Of course, since Wellpath is not a party to these proceedings, the Court does nothing more than take notice of this information.

information for LPN Williams from their records.[23]

After considering all of the relevant circumstances surrounding Plaintiff's failure to provide proper service information, the Court finds that Plaintiff has shown "good cause" for the failure and is therefore entitled to an extension of time for service under Federal Rule of Civil Procedure 4(m). The Court respectfully declines to adopt the pending PRD recommending dismissal of the unserved Defendants (Doc. 48).

IT IS THEREFORE ORDERED that:

1. For good cause shown, the Court hereby extends the deadline for service until August 12, 2025.

2. The Clerk of Court is directed to prepare summonses for Defendants LPN Turner, LPN Dunn, and LPN Golett in accordance with the information supplied to the Court under seal in Docs. 52 and 53.

3. The United States Marshal shall serve Defendants LPN Turner, LPN Dunn, and LPN Golett with the summons and copies of the Complaint (Doc. 2), the Court's screening and service Orders (Docs. 10, 12, & 24), and this Order, without prepayment of fees and costs or security therefor. Service should be attempted at the addresses provided in the Defendants' Notices filed under seal (Docs. 52 & 53).

IT IS SO ORDERED this 12th day of June 2025.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[23] Docs. 52 & 53.