IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

CALVIN L. MARSHALL                                                                                      PLAINTIFF
ADC #090207

V.                          Case No. 2:22-CV-00135-LPR-BBM

KELLY MCCAIN,
Nurse Practitioner, EARU, *et al.*                                                              DEFENDANTS

# ORDER

Some of the ADC Defendants—Anthony Jackson, Stephen Lane, and Valerie Westbrook (hereafter, simply the "ADC Defendants")[1]—move: to compel discovery responses from Plaintiff Calvin L. Marshall; to extend the discovery and dispositive motions deadlines; and for leave to depose Plaintiff. For the following reasons, the Motion to Compel Discovery, (Doc. 72), is held in abeyance, and the Motion for Extension of Time to Complete Discovery and to Depose Plaintiff, (Doc. 73), is granted in part and denied in part.

Motion to Compel. According to the ADC Defendants, Marshall failed to respond to their First Set of Interrogatories and Requests for Production of Documents. (Doc. 72 at 1). They sent a good faith letter to Marshall on August 27, 2025, (Doc. 72-1), but, to date, they have not received Marshall's discovery responses. (Doc. 72 at 1). The ADC Defendants seek an order compelling Marshall to respond to their discovery responses by November 10, 2025. *Id.* But, that does not give Marshall time to object or otherwise

---

[1] Although Defendant Rory Griffin is represented by the same attorney as the other ADC Defendants and has not been dismissed from this action, the recent ADC motions were not filed on his behalf.

respond to the Motion, which he has a right to do. Local Rule 7.2(b). The Motion to Compel will be held in abeyance until that time.

Marshall is directed to file a response to the ADC Defendants' Motion to Compel on or before **November 10, 2025**. Marshall is reminded that he is required to comply with the Federal Rules of Civil Procedure, *see* (Doc. 3 at 1), including the discovery provisions. If Marshall fails to participate in discovery, he may ultimately be sanctioned. *See* Fed. R. Civ. P. 37(b)(2). Possible sanctions include the dismissal of this case. *Id.*

<u>Motion for Extension of Time</u>. The ADC Defendants state that they need Marshall's discovery responses to prepare for Marshall's deposition. (Doc. 73). With the discovery and dispositive motions deadlines quickly approaching, they seek a sixty-day extension of time to complete discovery and file their motion for summary judgment. *Id.* at 2. The ADC Defendants state that the request is not made for unnecessary or undue delay. *Id.* Yet, they fail to explain why they waited so long to seek the Court's intervention in the apparent discovery dispute. Several weeks elapsed between Marshall's alleged failure to respond to the good faith letter, *see* (Doc. 72-1 at 1), and the Motion to Compel, (Doc. 72).

Accordingly, the request for extension is granted, in part. The Court grants a thirty-day extension of the discovery deadline. Absent extraordinary circumstances, no further extensions will be granted.

Finally, the ADC Defendants' Motion for Leave to Depose Plaintiff is granted in part. Leave to depose Marshall under Federal Rule of Civil Procedure 30(a)(2)(B) has already been granted. (Doc. 69 at 1). Pursuant to Federal Rule of Civil Procedure 30(b)(4), the ADC Defendants may conduct the deposition remotely, if necessary.

2

IT IS THEREFORE ORDERED THAT:

1. Marshall's response to the ADC Defendants' Motion to Compel, (Doc. 72), is due on or before **November 10, 2025**.

2. The ADC Defendants' Motion for Extension of Time and Motion to Depose, (Doc. 73), is GRANTED in part and DENIED in part.

3. Discovery between Plaintiff Marshall and Defendants Jackson, Lane, and Westbrook must be completed on or before **December 10, 2025**. For those parties, dispositive motions on the merits are due on or before **December 31, 2025**.

4. Defendants Jackson, Lane, and Westbrook may depose Marshall by remote means.

5. Discovery between all other parties remains due **November 10, 2025**, and the dispositive motions deadline for all other parties is **December 1, 2025**. *See* (Doc. 69).

SO ORDERED this 31st day of October, 2025.

_____
UNITED STATES MAGISTRATE JUDGE