IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

CALVIN L. MARSHALL                                                                              PLAINTIFF
ADC #090207

V.                          Case No. 2:22-CV-00135-LPR-BBM

KELLY MCCAIN,
Nurse Practitioner, EARU, *et al.*                                                          DEFENDANTS

# ORDER

There are two issues pending before the Court: Plaintiff Calvin L. Marshall's Motion for Extension, (Doc. 79), and Defendant Monica Dunn's belated Answer, (Doc. 78). For the following reasons, Marshall's Motion is granted, as modified, and Dunn's Answer is accepted as her operative pleading in this matter.

<u>Motion for Extension</u>. On October 27, 2025, separate Defendants Anthony Jackson, Stephen Lane, and Valerie Westbrook filed a Motion to Compel discovery responses from Marshall. (Doc. 72). After Marshall failed to respond, the Court granted the Motion to Compel and directed Marshall to file his response to the ADC Defendants' First Set of Interrogatories and Requests for Production of Documents on or before December 1, 2025. (Doc. 76).

On December 1, Marshall filed the pending Motion for Extension. (Doc. 79). Marshall states that his hand and fingers are swollen. *Id.* And he is unable to respond to Defendants' Motion to Compel due to the pain. *Id.* Marshall asks for "at the very least 30 days to answer the motion to compel, until the swelling and pain has eased up." *Id.*

Because the Court has already granted the Motion to Compel, Marshall's Motion for Extension is moot as written. However, the Court liberally construes Marshall's Motion as requesting additional time to respond to the ADC Defendants' First Set of Interrogatories and Requests for Production of Documents. For good cause shown, the Motion is granted.

Marshall will be given additional time to respond to discovery. And the discovery and dispositive motions deadline will be reset for all parties. The Court accepts Marshall's Motion for Extension as his notice of intent to prosecute this case. *See* (Doc. 76).

Dunn's Belated Answer. After Dunn failed to file a timely answer, the Court directed her to explain why her belated Answer should not be stricken from the record and why default should not be entered against her. (Docs. 74, 81). Dunn filed a pro se response, stating that she immediately sought out legal counsel after she was served with the Complaint, (Doc. 80); Dunn's counsel filed a response also, stating that she filed an Answer the same day she was assigned to represent Dunn, (Doc. 82). Thus, while it appears perhaps some neglect or carelessness occurred, it is unclear who or what caused the delay in Dunn's filing. Regardless, considering all relevant circumstances and factors—including the marginal length of the delay, the minor impact on judicial proceedings, and Dunn's good faith attempt to obtain counsel—the Court finds that the neglect is excusable. *See United States v. Mink*, 107 F.4th 824, 827 (8th Cir. 2024) (discussing the *Pioneer* factors for excusable neglect).

IT IS THEREFORE ORDERED THAT:

1. Marshall's Motion for Extension, (Doc. 79), is GRANTED as modified.

2. Dunn's Answer, (Doc. 78), is accepted as her operative pleading.

3. On or before **January 5, 2026**, Marshall must respond to all discovery requests in the ADC Defendants' First Set of Interrogatories and Requests for Production of Documents, (Doc. 72-1 at 3–17).[1]

4. If Dunn intends to file a motion for summary judgment on the issue of exhaustion, she must do so on or before **January 5, 2026**.

5. The discovery and merits-dispositive-motion deadlines are extended for all parties. Discovery must be completed on or before **February 6, 2026**. Dispositive motions on the merits must be filed on or before **February 27, 2026**.

SO ORDERED this 9th day of December, 2025.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Marshall is reminded that if he fails to comply with this Order to provide discovery responses, he may be subject to sanctions, up to and including dismissal of this case. See Fed. R. Civ. P. 37(b)(2).