**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

**CALVIN L. MARSHALL** **PLAINTIFF**
**ADC #090207**

**V.** **Case No. 2:22-cv-00135-LPR**

**KELLY MCCAIN,**
**Nurse Practitioner, EARU, *et al.*** **DEFENDANTS**

# ORDER

The Court has reviewed the Recommended Disposition (RD) submitted by United States Magistrate Judge Benecia B. Moore (Doc. 122). No objections have been filed, and the time for doing so has expired. After a *de novo* review of the RD, along with careful consideration of the entire case record, the Court hereby approves and adopts the RD in its entirety as this Court's findings and conclusions in all respects.[1]

Accordingly, the Medical Defendants' Motion for Summary Judgment (Doc. 88) and the ADC Defendants' Motion for Summary Judgment (Doc. 112) are GRANTED. Plaintiff's claims against Nurse Williams, Nurse Turner, Doe Defendants 1–9, and Director Griffin in his individual capacity are DISMISSED without prejudice. Judgment will be entered for the Defendants on the following claims:

[1] There are three small exceptions. First, the RD quotes NP McCain's notes as saying Plaintiff was "combative and physically abusive" to the nursing staff after his medication was crushed. *See* RD (Doc. 122) at 10, 26 (quoting Doc. 90-9). But the quoted language from the note actually says that Plaintiff was "combative and *verbally* abusive" to the nursing staff. *See* Doc. 90-9 (emphasis added). This alteration does not change the outcome of the Court's analysis in any way. Second, page 11 of the RD includes the following statement: "[A]s far as the Court can tell, [Plaintiff] does not otherwise dispute the February 8 interaction with Nurse Golett—including the fact that he threatened to kill her and flushed the medication." But the Plaintiff's verified Complaint states: "The plaintiff did not threaten to 'kill' Defendant [Golett] and was not cited with any rule violation(s) for making such threat to her or anyone else." *See* Doc. 2 at 49, ¶ 159. Still, acknowledging this point does not affect the correctness of the RD's analysis or change the outcome of the Court's conclusion in any way. Third, the RD states that, "[o]n May 13, [Plaintiff] was transported to Regional One Health . . . ." Doc. 122 at 13 (citing Doc. 90-30). Medical records indicate this was likely a telemedicine consult, and thus no transport was necessary. *See* Docs. 90-29 & 90-30. But the method by which this visit was conducted has no effect on the outcome of this case.

(a) Plaintiff's Eighth Amendment work-assignment deliberate-indifference claims against Classification Officer Westbrook and NP Bennett, in their individual capacities;

(b) Plaintiff's First Amendment retaliation claims against Nurse Golett, Nurse Askew, Nurse Washington, and Nurse Dunn, in their individual capacities;

(c) Plaintiff's Eighth Amendment medical-deliberate-indifference claims against Nurse Golett, Nurse Askew, Nurse Washington, Nurse Dunn, NP McCain, and NP Bennett, in their individual capacities;

(d) Plaintiff's corrective-inaction claims against Captain Lane, Deputy Warden Jackson, and HSA Rechcigl, in their individual capacities; and

(e) Plaintiff's official-capacity claims against Classification Officer Westbrook, Nurse Golett, Nurse Askew, Nurse Washington, Nurse Dunn, NP McCain, NP Bennett, Captain Lane, Deputy Warden Jackson, HSA Rechcigl, and Deputy Director Culclager.

The Clerk is directed to close this case. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order or the accompanying Judgment would not be taken in good faith.

IT IS SO ORDERED this 23rd day of September 2026.

LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE